RECEIVED
BY: _____ UU
FEB 1 8 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

MONTE BANTA MONTGOMERY

versus                                              CIVIL ACTION NO. 08-1086
                                                    JUDGE TOM STAGG
GARY SEXTON, IN HIS OFFICIAL
CAPACITY SHERIFF, WEBSTER
PARISH, ET AL.

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendants, Gary Sexton, Paul Smith, Steve Risner, Gene Hanson, John Lewis, Buster Flowers and Jerry McCoy (hereinafter collectively referred to as "the defendants"). See Record Document 42. Based on the following, and noting that the plaintiff has failed, effectively, to oppose the motion, this court finds that no genuine issues of material fact exist and the motion for summary judgment is **GRANTED**.

As detailed in a motion to dismiss[1] filed by the defendants, the plaintiff has failed to respond to interrogatories and requests for production served on his attorney, in spite

---

[1] The defendants have previously filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37, seeking dismissal of the action due to the plaintiff's failure to timely comply with the court's order to respond to their discovery request. See Record Document 40. As of the date of this ruling, the plaintiff has yet to comply with the court's order.

of an order issued by Magistrate Judge Mark L. Hornsby, granting the defendants' motion to compel and ordering the plaintiff to respond by no later than October 15, 2009. See Record Document 38. The plaintiff has also failed in any meaningful sense to oppose the pending motion for summary judgment and failed entirely to oppose a pending motion to dismiss.

Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days of service of the motion" for summary judgment. The plaintiff failed, in effect, to oppose the defendant's motion for summary judgment within the required fifteen day period. Instead, the plaintiff merely filed "Dispute To Statements Of Uncontested Facts," followed by a numerical listing of twenty-four items, each followed by a sentence stating simply that the statement in each of the twenty-four paragraphs was "true," that the statement was "disputed" or that the statement was "unknown." Record Document 44. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, **an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial.** If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e) (emphasis added).

The defendants have filed a properly supported motion for summary judgment, including supporting affidavits and medical records. The plaintiff has failed, in any meaningful or effective manner, to respond. There is simply no <u>evidence</u> whatsoever before the court to support any of the plaintiff's claims. "Although [the court] must consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non-movant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." <u>Rushing v. Kansas City Southern Ry. Co.</u>, 185 F.3d 496, 505 (5th Cir. 1999). The plaintiff has failed to set out specific facts showing a genuine issue for trial and summary judgment is appropriate based on the arguments made by the defendants. Accordingly, the motion for summary judgment filed by the defendants (Record Document 42) is **GRANTED.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 18th day of February, 2010.

_____
JUDGE TOM STAGG