RECEIVED
APR 0 1 2010
MB
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

MONTE BANTA MONTGOMERY

versus                                          CIVIL ACTION NO. 08-1086
                                                JUDGE TOM STAGG
GARY SEXTON, IN HIS OFFICIAL
CAPACITY SHERIFF, WEBSTER
PARISH, ET AL.

---

# MEMORANDUM ORDER

On February 18, 2010, this court granted a motion for summary judgment filed by the defendants in the above-captioned matter. See Record Documents 46 and 47. The memorandum ruling referenced the fact that the plaintiff had failed to respond to interrogatories and requests for production served on his attorney, in spite of an order issued by Magistrate Judge Mark L. Hornsby, granting the defendants' motion to compel and ordering the plaintiff to respond by no later than October 15, 2009. The plaintiff had also failed in any meaningful sense to oppose the pending motion for summary judgment and failed entirely to oppose a pending motion to dismiss. Instead, in response to the motion for summary judgment, plaintiff's counsel merely filed a "Dispute To Statements Of Uncontested Facts," which consisted of a list of twenty-four numbered statements. See Record Document 44.

Currently before the court is a "Motion To Amend Judgment Under Rule 60(b)" filed pro se by Montie Banta Montgomery ("Montgomery"), the plaintiff in this case, urging the court to "rescind its 18 February 2010 judgment issued by Judge Tom Stagg." Record Document 50. In his motion to rescind, Montgomery first asserts that he dismissed his counsel of record on or about September 9, 2009 and filed a complaint against her with the Louisiana Attorney Disciplinary Board. Montgomery then notes that it was shortly thereafter, on October 20, 2009, that the defendants filed their motion to dismiss based on the plaintiff's failure to respond to interrogatories and requests for production (which, as noted, went unopposed by the plaintiff). Thereafter, on October 23, 2009, the defendants filed the summary judgment motion this court ultimately granted and about which Montgomery complains. See Record Documents 40 and 42. Montgomery argues that since he had terminated his attorney prior to the defendants' October 2009 filings, he should not be held accountable for his counsel's actions, or lack thereof, and thus the judgment of February 18, 2010, should be vacated.

Montgomery's motion to rescind the judgment is one which falls under Federal Rule of Civil Procedure 60(b). This rule provides relief from a judgment due to mistake, inadvertence, surprise, excusable neglect and newly discovered evidence. The rule further provides relief due to fraud, misrepresentation, or misconduct by an

2

opposing party, and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Rule 60 motions are directed to the sound discretion of the court, and several factors have been developed to guide the exercise of that discretion: (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether--if the judgment was a default or a dismissal in which there was no consideration of the merits--the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. See In re Marinez, 589 F.3d 772, 777 (5th Cir. 2009) (citation omitted); Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). "These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments." Seven Elves, 635 F.2d at 402.

"Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993). Rule 60(b) relief should be only be granted in unique circumstances. See id. "In fact, a court would abuse its discretion if it were to reopen

3

a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." Id. (citation omitted).

In light of the evidence in the record, the court finds that Montgomery is not entitled to the relief he seeks pursuant to Rule 60(b). There is no proof in the record that Montgomery actually fired his lawyer. In addition, there is evidence before the court that indicates that Montgomery's lawyer did not perceive that she had been terminated by him. See Record Document 54, Attachments. Montgomery is, therefore, seeking to be relieved of perceived errors made by his chosen counsel. "It has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, no matter how 'unfair' this on occasion may seem." Pryor v. U.S. Postal Serv., 769 F.2d 281, 288 (5th Cir. 1985). Accordingly;

**IT IS ORDERED** that Montgomery's motion to rescind the judgment (Record Document 50) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of April, 2010.

JUDGE TOM STAGG

4